## DENNIS *v.* HOWELL *et al.*

HILL, J. 1. The judge properly struck the name of the City of Atlanta as a party to the case.

2. One of the issues in the case was whether Walnut Street had been dedicated and accepted by the City of Atlanta; and on that issue the resolution of the city council of 1916 was admissible as tending to show a recognition by the city of the existence of the street, and the court erred in rejecting it.

3. Other specific assignments, where a question is raised for determination by this court, show no reversible error.

4. As a new trial is granted in the case, no opinion is expressed as to whether the evidence authorized the verdict.

*Judgment reversed. All the Justices concur.*

No. 5720. SEPTEMBER 7, 1927.

Equitable petition. Before Judge Ellis. Fulton superior court. October 7, 1926.

Linton Dennis brought a petition against Miss D. S. Howell and John F. Green, to enjoin them from using any part of Walnut Street as set out on the original plat dividing the H. H. Green estate, under which the lots were sold, and from constructing any building on said street as laid out originally, etc. It is alleged that the plaintiff is the owner of a lot of land in the City of Atlanta, which he purchased from the estate of H. H. Green, deceased, May 4, 1898; that some time prior thereto the plat of the property of the Green estate, showing the subdivision into lots and where streets were located, had been of record in the clerk's office of the superior court of Fulton County. Plaintiff bought his lot and went into possession of it in accordance with the location

Appeal and Error, 4 C. J. p. 649, n. 36.

Municipal Corporations, 28 Cyc. p. 844, n. 17; p. 865, n. 42.

42

and measurements set out in his deed, which were on said plat. Walnut Street as it is now known, called Green Street at the time of the making of the plat and the deed to plaintiff, is a continuing street of uniform width extending from North Avenue on the north, to Jett Street on the south, as shown on the plat. Where Kennedy Street crosses Walnut Street (formerly Green Street) no "jog" or variation is shown on the plat, or in any of the deeds to the lots located on the four corners thereof. Plaintiff went into possession of the lot herein described immediately upon acquiring title thereto, and has been continuously in possession thereof ever since. There never arose a question or controversy concerning the location or dimensions of his lot or of the street west of it until after the building of the A., B. & A. railroad across and through the property. When that railroad was built through, across, and over the property described in the plat aforesaid, an error was made in the location of a pier or support for a bridge over Jett Street as shown on the above-mentioned plat, it being one block south of Kennedy Street. The bridge of the railroad was made to project into the western side of Walnut Street (formerly Green) a distance of several feet. Subsequently, in order to make the street conform to the location of the bridge and the piers thereof, efforts have been made from time to time to shift Walnut Street a sufficient distance east so as to clear the pier and supports of the bridge. If the bridge should be shifted eastward so as to clear the piers of said bridge, it would take a strip twenty feet wide off the west side of the lot of plaintiff, and would therefore destroy its value. Such extension would cause a twenty-foot "jog" in Walnut Street at its intersection with Kennedy Street, as Walnut Street would not change north of Kennedy Street, but would be shifted eastward twenty feet south of Kennedy Street. Plaintiff has resisted all efforts to encroach on his lot, and some time ago the City of Atlanta desisted in its effort to change the western side of the street, and since then it has been simply dormant. Plaintiff has filled in his lot; and if the street is shifted, he would lose twenty feet of that part of his lot so filled in and elevated; and even if it could be set back, and an addition of twenty feet secured east of his lot, it would be a hole in the ground, and would very greatly damage plaintiff. To locate the street at a point eastward of its proper boundary would mean that the City of Atlanta would recognize

the street as it was so located, and there would likewise be a "jog" thereon, which would work irreparable damage to plaintiff. The defendants, conspiring, have moved material on the lot at the southwest corner of Walnut and Kennedy Streets, and have undertaken to build an extension of the storehouse and building now on the lot. The proposed extension of the building projects into the street as originally laid out, dedicated, and platted, as shown on the plat heretofore referred to. As originally laid out and shown on the plat, Walnut Street runs straight. The storehouse originally built on the southwest corner of the streets was properly located on the property line. The city's curb and sidewalk on Kennedy Street was made with turns on Walnut Street in front of the property of plaintiff and of defendants at the proper point. The property belongs to Miss Howell, one of the defendants, who is a resident of said State and county. The other defendant, Green, "seems to be busying himself to get the house erected before it can be stopped by the court. He is lending himself to an effort to damage your petitioner, injure his property, and generally cause a lot of trouble in the community." Miss Howell took out a building permit to erect a one-story building on the lot, and Green acted for her in so doing; at least he took out the permit in her name, as owner of the lot at the southwest corner of Kennedy and Walnut Streets. Green is one of the heirs of H. H. Green, from whose estate plaintiff bought his property, and participated in the division of the estate. He is fully aware of the correct location of the street corner, but is hurrying in his efforts to secure a building on the lot which encroaches on Walnut Street at least twenty feet. Instead of building on the lot at the southwest corner of Kennedy and Walnut Streets, defendants have begun to build an extension on the street. Plaintiff protested against the encroachment on the street and the damage that would be done himself if same were so used, and the defendant Green replied that plaintiff ought to sell his lot. If Walnut Street is used by the defendants upon which to build, plaintiff will be damaged irreparably. Defendants have a large force of workmen employed, who are preparing material to construct a building. They say they want to build it in a day, and to that end are working to take the street, and then force the city to take a part of plaintiff's lot to make up for the street, or else have the street only half its width in front of plaintiff's property.

Plaintiff is without remedy and is helpless, unless the court will enjoin defendants from encroaching on the street. The City of Atlanta has failed to move for the protection of the street; and unless plaintiff does so, the same will be lost to public use. Plaintiff has property interest in Walnut Street, he having bought his lot at the corner of same when it was laid off and platted, and is entitled to have the street maintained and kept in at least as good condition as when he bought. He has no other means than a court of equity in which to protect his rights.

The defendants answered, admitting certain allegations and denying others, and moved to modify the restraining order theretofore granted; and after hearing, the court modified the restraining order to the extent of allowing the defendants to continue the construction of the building, "but preserving the status, so that the case might be tried on its merits," etc. The plaintiff filed several amendments which need not be set out, except that he alleged that he was "entitled to maintain this action to enjoin such nuisance," and prayed for its abatement. He filed also an ancillary petition praying that the City of Atlanta be made a defendant to the suit; and the city was accordingly made a party. It answered, and averred that it was under no duty to settle boundary lines disputed between private parties, and was not required to make any survey or locate the lines of any streets or sidewalks. It admitted that it was the duty of the city to keep its streets and sidewalks in a reasonably safe condition for travel by the public, but denied that a positive duty is laid upon it of paving streets or sidewalks. It admitted that it had taken no part in the controversy between plaintiff and defendant. The city subsequently filed a motion to strike its name as a party to this case. The court sustained the motion. A verdict in favor of the defendants was returned. The plaintiff made a motion for new trial, which was overruled, and he excepted.

*B. L. Milling, H. W. Chambers,* and *Chambers & Dickey,* for plaintiff.

*A. R. Dorsey, J. L. Mayson,* and *C. S. Winn,* for defendants.